**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAVON CLAY, | * | |
| Petitioner, | * | |
| v | * | Civil Action No. PX-23-1084 |
| WARDEN, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND, | *<br><br>* | |
| Respondents. | *<br>*** | |

## MEMORANDUM OPINION

Petitioner Javon Clay has filed a Petition for Writ of Habeas Corpus. ECF No. 1 (the "Petition"). On April 1, 2026, the Court ordered Respondents to file a Supplemental Answer addressing whether the Petition is moot based on Clay's release from custody. ECF No. 9. Respondents have since confirmed that Clay was released from federal custody on March 27, 2025. ECF No. 10-4; ECF No. 10-5. Clay did not respond, and the Court's order was returned and marked as undeliverable. ECF No. 11. However, out of an abundance of caution, the Court subsequently mailed the relevant document to Clay at a possible alternate address and directed Clay to show cause within 28 days why his Petition should not be dismissed as moot. Although that order has not been returned, Clay also has not responded.

No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the Petition is dismissed as moot, and a certificate of appealability shall not issue.

The Petition challenged the length of Clay's imprisonment and asked the Court to order his release from state custody to a federal detainer. ECF No. 1 at 5-6. The state subsequently released Clay to the federal detainer on March 27, 2025. ECF No. 10-4; ECF No. 10-5. And on December 23, 2025, the federal Bureau of Prisons released Clay from confinement.[1]

Article III of the United States Constitution confers to this Court jurisdiction solely over "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983). A case no longer presents a justiciable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

It is well-settled that a prisoner must be in custody at the time he seeks habeas corpus relief. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* Generally, the release of a prisoner renders moot any claims for injunctive or declaratory relief seeking the very release the prisoner has obtained. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). *See also Spencer v. Kemna*, 523 U.S. 1, 14-16 (1998) (challenge to parole revocation proceedings mooted by subsequent unconditional release from prison).

[1] https://www.bop.gov/inmateloc//index.jsp (last visited 5/26/2026).

Two exceptions to the mootness doctrine exist. *Leonard*, 804 F.2d at 842. First, where the petition challenges "collateral consequences" of the alleged unlawful imprisonment, a petitioner's release from prison does not moot the petition. *Id.* Second, the petition may not be moot if the issue presented is "capable of repetition, yet evading review." *Id.* This exception arises when the challenged action is too short in duration to be fully litigated before it ceases or expires, and when the same petitioner can reasonably be expected to face the same wrongful action in the future. *Id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

As for the collateral consequences exception, the petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole" to avoid dismissal on mootness grounds. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Clay failed to respond to the Court's show cause order and has not otherwise identified any collateral consequences stemming from the alleged miscalculation of his sentence. Thus, because he has been released, extinguishing his requested relief, the "requisite personal interest" in this litigation has evaporated. *United States v. Hardy*, 545 F.3d 280, 285 (4th Cir. 2008).

Nor is the Petition capable of repetition yet evading review. *Leonard*, 804 F.2d at 842. Clay pursued a one-time alleged miscalculation. The state has since released him, and nothing else suggests reasonably that Clay will face the same alleged harm. *See O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) ("[W]e are unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction....").

Because the claim in the Petition is moot and neither exception to the general mootness doctrine applies, the Petition must be dismissed. Further, when a district court dismisses a habeas

petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684-685 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Clay has not demonstrated that a certificate of appealability is warranted, and so the Court shall not issue it. Clay may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition for writ of habeas corpus as moot. The Court also declines to issue a certificate of appealability. A separate Order follows.

/s/

Paula Xinis
United States District Judge